## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                                           MDL NO 2924
PRODUCTS LIABILITY                                                    20-MD-2924
LITIGATION

                                                          JUDGE ROBIN L ROSENBERG
                                             MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO:                                   JURY TRIAL DEMANDED

Mai N. Cohen, individually and as the
Special Administrator of the Estate of
Alan Cohen

_____
(Plaintiff Name(s))

### SHORT-FORM COMPLAINT - VERSION 2

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Amended Master Personal Injury Complaint ("AMPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint - Version 2 as permitted by Pretrial Order No. 31 and as modified by the Court's Orders regarding motions to dismiss [DE 2532, 2512, 2513, 2515, and 2016].

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

### I.      PARTIES, JURISDICTION, AND VENUE

**A. PLAINTIFF(S)**

1.      Plaintiff(s) <u>Mai N. Cohen, individually, and as the Special Administrator of the E</u> ("Plaintiff(s)") brings this action (check the applicable designation):

            ☑        On behalf of [*himself/herself*];

☑      In representative capacity as the <u>Special Administrator</u>, on behalf
of    the    injured    party,    (Injured    Party's    Name)
<u>Alan Cohen</u>.

2.      Injured    Party    is    currently    a    resident    and    citizen    of    (City,    State)
_____ and claims damages as set forth below.

—OR—

Decedent    died    on (Month, Day, Year) <u>Apr</u> ▾ 14 ▾ 2020 ▾.    At    the    time    of
Decedent's    death,    Decedent    was    a    resident    and    citizen    of (City,    State)
<u>Las Vegas</u>      NV ▾.

If any party claims loss of consortium,

3.      <u>Mai N. Cohen</u>      ("Consortium    Plaintiff")    alleges    damages    for    loss    of
consortium.

4.      At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a
citizen and resident of (City, State) <u>Las Vegas</u>      NV ▾.

5.      At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State)
<u>Las Vegas</u>      NV ▾.

**B.  DEFENDANT(S)**

6.      Plaintiff(s)    name(s)    the    following    Defendants    from    the    Amended    Master
Personal    Injury    Complaint    in    this    action:

a.  **Brand-Name Manufacturers:**
Boehringer Ingelheim Corporation
Sanofi-Aventis U.S. LLC
Sanofi US Services Inc.
Glaxosmithkline, LLC

**b. Generic Manufacturers:**

**c. Distributors and Repackager:**

**d. Retailers:**

**e. Others Not Named in the AMPIC:**

**C. JURISDICTION AND VENUE**

7.    Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

United States District Court  District of  NV  ▾

8.    Jurisdiction is proper upon diversity of citizenship.


## II.    PRODUCT USE

9.    The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

☑    By prescription

☑    Over the counter

10.   The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) Apr ▾ 2014   to Dec ▾ 2019 ▾ .


## III.    PHYSICAL INJURY

11.   As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BREAST CANCER | |
| ☐ | COLORECTAL/INTESTINAL CANCER | |
| ☐ | ESOPHAGEAL CANCER | |

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | GASTRIC CANCER | |
| ☐ | KIDNEY CANCER | |
| ☐ | LIVER CANCER | |
| ☐ | LUNG CANCER | |
| ☑ | PANCREATIC CANCER | Jan ▾ 13 ▾ 2020 ▾ |
| ☐ | PROSTATE CANCER | |
| ☐ | OTHER CANCER: _____ | |
| ☑ | DEATH (CAUSED BY CANCER) | Apr ▾ 14 ▾ 2020 ▾ |

12.     Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s)

### IV.     CAUSES OF ACTION ASSERTED

13.     The following Causes of Action asserted in the Amended Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

14.     By checking the appropriate causes of action below, Plaintiff(s) assert these causes of action based upon the law and applicable Sub-Counts of the following state(s):[1]

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| ☑ | I | Strict Products Liability – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |

[1] In selecting the relevant states above, Plaintiffs reserve all rights to argue choice of law issues at a later time.

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| ☑ | II | Negligence – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, and WA |
| ☑ | III | Strict Products Liability – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☑ | IV | Negligence – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, OK, and WA |
| ☑ | V | Negligence - Failure to Warn Consumers through the FDA (Against Brand-Name and Generic Manufacturer Defendants) | CA, DE, DC, HI, IN, KY, LA, MD, MA, MN, MO, NV, NY, OR, and PA |
| ☑ | VI | Strict Products Liability – Design Defect Due to Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☑ | VII | Strict Products Liability – Design Defect Due to Improper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| ☐ | VIII | Negligent Failure to Test (Against Brand-Name and Generic Manufacturer Defendants) | KS, TX |
| ☑ | IX | Negligent Product Containers: (Against Brand-Name and Generic Manufacturers of pills) | All States and Territories |
| ☐ | X | Negligent Storage and Transportation Outside the Labeled Range (Against All Retailer and Distributor Defendants) | All States and Territories |
| ☑ | XI | Negligent Storage and Transportation Outside the Labeled Range (Against All Brand-Name and Generic Manufacturer Defendants) | All States and Territories |
| ☐ | XII | Negligent Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in California) | CA only |
| ☐ | XIII | Reckless Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in Massachusetts) | MA only |

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| ☑ | XIV | Unjust Enrichment (Against All Defendants) | All States and Territories |
| ☑ | XV | Loss of Consortium (Against All Defendants) | All States and Territories |
| ☑ | XVI | Wrongful Death (Against All Defendants) | All States and Territories |

If Count XV or Count XVI is alleged, additional facts supporting the claim(s):

Mai N. Cohen was married to Zantac-user, Alan Cohen, at the time he used Zantac, at the time of his diagnosis and treatment for cancer, and at the time of his death.  Alan Cohen died of pancreatic cancer which he contracted as a result of his use of Zantac.

## V.    JURY DEMAND

14.    Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.


## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or

inactions and demand(s) judgment against Defendants on each of the above-referenced causes of

action, jointly and severally to the full extent available in law or equity, as requested in the

Amended Master Personal Injury Complaint.

| | |
|---|---|
| Attorney 1 Signature: /s/ William R. Brenske | Attorney 1 Signature: |
| Attorney 1 Print: William R. Brenske | Attorney 1 Print: |
| Attorney 2 Signature: | Attorney 2 Signature: |
| Attorney 2 Print: | Attorney 2 Print: |
| Firm: Brenske Andreevski & Krametbauer | Firm: |
| Address 1: 3800 Howard Hughes Pkwy. | Address 1: |
| Address 2: Ste. 500 | Address 2: |
| City: Las Vegas | City: |
| State: NV | State: |
| Zip: 89169 | Zip: |
| Email: bak@baklawlv.com | Email: |
| Phone: (702) 385-3300 | Phone: |